# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

---

**DAVIN ROLLINS,**
                    **Plaintiff,**

             **v.**                                    **Case No.  12-CV-00389**

**DENNIS McKNIGHT, and**
**MICHAEL LEEMAN,**
                    **Defendants.**

---

## DECISION AND ORDER

Pro se plaintiff Davin Rollins sues defendants Dennis McKnight and Michael Leeman, Correctional Officers ("COs") at the Milwaukee County Jail, under 42 U.S.C. § 1983. Judge Barbara Crabb screened this case as required by 28 U.S.C. § 1915A and allowed plaintiff to proceed on a claim that defendants violated his constitutional rights by using excessive force against him. Before me now are the parties' cross motions for summary judgment.

On September 2, 2009, plaintiff was being held as a pretrial detainee at the Milwaukee County Jail. Defendants McKnight and Leeman were working the second shift that day (2:00 p.m. to 10:00 p.m.) in pod 4D with their partner CO Chad Gscheidmeier. Plaintiff had his lunch tray and two milk containers in his cell, and the smell of feces was emanating from the cell. The officers believed he had "dashing materials" in the milk containers, which is a mix of bodily fluids including feces that inmates will sometimes throw on other inmates or officers. In his response to defendants' proposed findings of fact, plaintiff denies having dashing materials in his cell and says it smelled because he had

been sprayed with dashing materials. But he does not cite to any evidence in the record to support this denial, and neither the affidavit he submitted in support of his motion for summary judgment nor his verified complaint addresses this issue. Aff. of Davin Rollins, ECF No. 64; Compl., ECF No. 5; *see also Ford v. Wilson*, 90 F.3d 245, 246–47 (7th Cir. 1996) (a verified complaint is the equivalent of an affidavit for summary judgment purposes).

According to McKnight, Leeman, a white male, tried to retrieve the milk containers, and plaintiff said, "Fuck you, white boy." (Defs.' Proposed Findings of Fact ¶ 9, ECF No. 83.) Leeman then asked McKnight, an African American male, to try to get the containers, but plaintiff told McKnight to, "Suck my dick, bitch." (*Id.* ¶ 11.) The officers then tried to place plaintiff in restraints. While they were doing this, plaintiff elbowed McKnight in the chest, broke free and ran toward the door of the pod. He hit the door, but it would not open. When the officers reached him, plaintiff tried to head-butt McKnight, who struck plaintiff one time on the left side of his face. The officers then directed plaintiff to get on the floor so they could stabilize him.

Plaintiff's version of events is a little different. According to plaintiff,[1] the day before the incident he and McKnight had a heated argument in which McKnight threatened to assault him. Then, on September 2, 2009, defendants said they were going to search his

---

[1] Defendants ask me to disregard plaintiff's version of events because he did not submit any evidence to support his proposed findings of fact. *See* Ltr. from Atty. Michele Ford, ECF No. 99. However, plaintiff did submit an affidavit, and he cites to it in his proposed findings of fact. *See* Rollins Aff.; *see also Lax v. City of South Bend*, 449 F.3d 773, 774 (7th Cir. 2006) (an affidavit is evidence for purposes of summary judgment). Plaintiff did not use the exact language set out in 28 U.S.C. § 1746 to swear his affidavit, but the language he uses is "substantially" similar as required by that statute. Therefore, I conclude that the affidavit is admissible. Plaintiff also recounts his version of events in his verified complaint.

cell. They placed plaintiff in a restraining belt, which chained his wrists to his waist. McKnight then looked at plaintiff harshly and said, "Now we're going to do what we said we were going to do." (Pl.'s Proposed Findings of Fact ¶ 5, ECF No. 73.) Plaintiff interpreted this statement to mean that the officers were going to hurt him physically, so he broke free of the officers' hold without striking either of them and ran to the door of the pod. He states that he was not trying to escape but only trying to get the attention of another officer. When McKnight caught up with plaintiff, plaintiff claims McKnight hit plaintiff several times on the left and right side of his face. Leeman then threw plaintiff to the ground, and Leeman and Gscheidmeier held plaintiff down while McKnight hit and kicked plaintiff several more times.

The parties agree that at some point an officer made an "all call," which is a request for all available correctional staff to go to a particular location. Sergeant Fatrena Hale and others arrived in response to the all call. Sgt. Hale directed Leeman and McKnight to leave the area because they had been involved in the incident. This is standard jail procedure. She also ordered McKnight to seek medical attention for a cut on his right hand. Plaintiff received medical attention as well, and someone at the jail took pictures of his injuries.

Plaintiff is currently incarcerated at Waupun Correctional Institution. One of his fellow inmates, Spencer Wnuk, voluntarily sent an affidavit to defendants' counsel stating that plaintiff has admitted to Wnuk that he falsified his testimony in this case in order to get a "fat check." (Aff. Spencer Wnuk, ECF No. 86.) Plaintiff denies this allegation.

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, I take the evidence in the light most favorable to the non-moving party and may grant the motion only if no reasonable

3

juror could find for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 255 (1986). To prevail on his § 1983 claim, plaintiff must prove: "1) he was deprived of a right secured by the Constitution or laws of the United States, and 2) the deprivation was visited upon him by a person or persons acting under color of state law." *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Defendants concede they were acting under color of state law during their interactions with plaintiff. The question is whether a reasonable juror could conclude that defendants violated plaintiff's constitutional rights by using excessive force against him.

Plaintiff states that he was a pretrial detainee on September 2, 2009, and defendants do not dispute this fact. Therefore, plaintiff's excessive force claim is governed by the due process clause of the Fourteenth Amendment. *Forrest v. Prine*, 620 F.3d 739, 744 (7th Cir. 2010). This clause prohibits jail officials from punishing pretrial detainees because these individuals are entitled to the presumption of innocence. *Kingsley v. Hendrickson*, --- F.3d ---, No. 12-3639, 2014 WL 806956, at *5 (7th Cir. Mar. 3, 2014). Thus, force can only be used against them if it is incident to a legitimate governmental purpose. *Id.* "The Fourteenth Amendment right to due process provides at least as much, and probably more, protection against punishment as does the Eighth Amendment's ban on cruel and unusual punishment," *Forrest*, 620 F.3d at 744, and I will use the Eighth Amendment standard to analyze plaintiff's claim. *See Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012) ("[C]ourts still look to Eighth Amendment case law in addressing the claims of pretrial detainees, given that . . . the Supreme Court has not yet determined just how much additional protection the Fourteenth Amendment gives

4

to pretrial detainees."). Force is considered excessive under the Eighth Amendment when it is applied "maliciously and sadistically" in order to cause harm and not in "a good-faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). When a court is asked to determine whether force was applied in good faith, several factors are relevant including "the need for force, the amount of force used, the threat reasonably perceived by the officer, efforts made to temper the severity of the force, and the extent of the injury caused by the force." *Forrest*, 620 F.3d at 744-45 (quoting *Lewis v. Downey*, 581 F.3d 467, 477 (7th Cir. 2009)).

In this case, there is a genuine dispute of fact about the level of force defendants used against plaintiff and the reason for it. If the jury credits McKnight's version of events, the jury would have to conclude that plaintiff attacked defendants and tried to flee and that in response McKnight hit plaintiff one time to subdue him. Based on these facts, a reasonable jury could conclude that defendants used force against plaintiff in a good faith attempt to restore order. On the other hand, if the jury finds plaintiff to be credible, then the jury would have to conclude that McKnight threatened to assault plaintiff for no reason and repeatedly hit plaintiff when he did not pose a threat to anyone—continuing to assault plaintiff even after he had been pinned to the floor. Based on these facts, a reasonable jury could conclude that defendants' use of force was malicious and violated plaintiff's constitutional rights. Because this case presents factual issues that need to be resolved by a jury, I will deny both parties' motions for summary judgment.

This court has previously denied plaintiff's motions to appoint counsel. At that time, he was competent to litigate the case. Now, however, with his claim proceeding to trial, I believe the difficulty of trying this case exceed's plaintiff's capacity as a layperson to

5

coherently present it. *See Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013). Thus, I will attempt to recruit pro bono counsel to represent plaintiff.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for summary judgment (Docket #62) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment (Docket #66) is **DENIED**.

**IT IS FURTHER ORDERED** that proceedings in this case are **STAYED** pending recruitment of counsel for plaintiff. If I find counsel willing to represent plaintiff, I will advise the parties of that fact and schedule a status conference to set a schedule for the rest of this case.

Dated at Milwaukee, Wisconsin, this 11th day of March, 2014.

s/ Lynn Adelman

_____
LYNN ADELMAN
District Judge

6