# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

---

**DAVIN ROLLINS,**
      **Plaintiff,**

      v.                                                    Case No. 12-CV-00389
                                                           Appeal No. 15-1111

**DENNIS McKNIGHT, and MICHAEL LEEMAN,**
      **Defendants.**

---

## ORDER

Petitioner Davin Rollins, who was represented by counsel at trial but now proceeds pro se, requests an extension of time to file a notice of appeal. I denied both parties' motions for summary judgment, and petitioner's claims went to trial, at which a jury found in favor of defendants. I entered judgment and plaintiff filed a notice of appeal. Defendants then moved to dismiss the appeal as untimely, after which plaintiff filed a motion for an extension of time to file his notice of appeal.

"A timely notice of appeal is a prerequisite to appellate review." *McCarty v. Astrue*, 528 F.3d 541, 544 (7th Cir. 2008). In this case, plaintiff was required to file his notice of appeal within thirty days of entry of judgment. 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). Because he is incarcerated, plaintiff's notice of appeal need only have been deposited in the prison's mail system on or before the last day for filing in order to be considered timely. Fed. R. App. P. 4(c)(1). In this case, I entered judgment in favor of defendants on December 5, 2014. Thus, plaintiff's deadline for filing a notice of appeal was

Monday, January 5, 2015.[1] Plaintiff's notice of appeal was signed and dated on January 7, 2015, meaning it could not possibly have been deposited in the prison mail on January 5. Thus, plaintiff's notice of appeal was untimely.

However, I may extend the time for plaintiff to file notice of appeal if he (1) moves for an extension of time within thirty days after the original deadline for filing a notice of appeal and (2) shows "excusable neglect or good cause." 28 U.S.C. § 2107(c); Fed. R. App. P. 4(a)(5). Thus, plaintiff was required to file a motion for extension of time to appeal before February 4, 2015.[2] Plaintiff's motion for extension of time was dated February 22, 2015, well past the cut-off date, and I may not consider his January 7th notice of appeal as a motion for an extension of time. *U.S. ex rel. Leonard v. O'Leary*, 788 F.2d 1238, 40 (7th Cir. 1986) ("A late notice of appeal which fails to allege excusable neglect or good cause can no longer be construed as a motion for extension of time. . . . [T]he fact that petitioner is incarcerated and proceeding *pro se* does not warrant exception to the Rule."). Because plaintiff did not file his motion for extension of time within thirty days of the original deadline for filing a notice of appeal, I may not grant him an extension of time regardless of whether he shows excusable neglect or good cause. *Sherman v. Quinn*, 668 F.3d 421, 424–25 (7th Cir. 2012). Therefore plaintiff's motion for an extension of time will be denied.

Turning to defendants' motion to dismiss plaintiff's appeal as untimely, I conclude that I do not have jurisdiction to dismiss plaintiff's appeal. Although I have jurisdiction to extend the time for appeal, *see* 28 U.S.C. § 2107(c);  Fed. R. App. P. 4(a)(5), the ultimate

---

[1] Plaintiff concedes that his deadline for filing notice of appeal was January 5, 2015.

[2] Plaintiff concedes this deadline as well.

arbiter of the appeal is the Seventh Circuit Court of Appeals, and I therefore may not dismiss an appeal. *See U.S. v. Sadler*, 480 F.3d 932, 940 (9th Cir. 2007) ("We, not the district court, are the ultimate arbiters of compliance with the rules governing the appellate process."); *see also Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). Because the proper forum in which to seek dismissal of an appeal is the circuit court of appeals, I will deny defendants' motion to dismiss.

**THEREFORE, IT IS ORDERED** that defendants' motion to dismiss appeal as untimely (ECF No. 161) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time (ECF No. 164) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 9th day of April, 2015.

             s/ Lynn Adelman

             LYNN ADELMAN
             District Judge